In the Matter of Proceedings of NEW YORK STATE LIQUOR AUTHORITY to Revoke, Cancel or Suspend Restaurant Liquor License Issued to GEORGE MAIDL, as Licensee.

Supreme Court, Special Term, Erie County, June 14, 1954.

*Alvin McK. Sylvester* and *Dale Manchester* for New York State Liquor Authority.

*Charles I. Martina* and *Arnold H. Rickler* for George Maidl, petitioner.

WARD, J. By way of an order to show cause, petitioner applies to Special Term of Supreme Court in Erie County for an order " directing the New York State Liquor Authority to serve an amended bill of particulars setting forth the exact date, time and place of each violation of § 65, subd. 1 of the Alcoholic Beverage Control Law of the State of New York alleged to have been committed by the licensee George Maidl and in the event of the failure of the New York State Liquor Authority to furnish such an amended bill of particulars as may be directed by the court within the time stated by the court, that the New York State Liquor Authority be precluded from offering any evidence upon the hearing of the above entitled proceeding as to any

alleged violations set forth in the original or amended bill of particulars upon which it fails to furnish to the licensee the exact date, time and place of the alleged violations set forth in the numbered paragraphs of the said bill of particulars '' (language in moving papers). I understand this as a motion for an order directing the service of a bill of particulars pursuant to rule 115 of the Rules of Civil Practice and further for an order of preclusion pursuant to rule 115 of the Rules of Civil Practice, the last part of the motion being conditioned upon the failure to provide the bill of particulars sought in the first part of the motion.

The New York State Liquor Authority, hereinafter called the Authority, accuses the petitioner herein of violating subdivision 1 of section 65 of the Alcoholic Beverage Control Law (selling alcoholic beverages to minors) between June, 1952, and January 1, 1954, on twelve separate occasions. In the charges filed, three of these alleged offenses are identified as to date and time by an instrument referred to in the moving papers as a bill of particulars and furnished the petitioner herein by the Authority. It is this instrument the petitioner seeks to have enlarged and amended by order particularizing the dates and times of the alleged violations. Petitioner claims he cannot safely proceed to defend himself at the hearing without such information.

Subdivision 3 of section 17 of the Alcoholic Beverage Control Law gives to the Authority the power and duty to revoke, cancel or suspend for cause, any license or permit issued pursuant to that chapter. Subdivision 10 of this same section provides for the holding of hearings with power to the Authority of subpœnaing witnesses and the production of books, etc. Subdivision 12 authorizes the Authority to adopt rules and regulations for the enforcement of the chapter and provides appropriate penalties for the violation of any rule or regulation duly promulgated. Section 119 provides for the procedure for revocation or cancellation of a license or permit issued by the Authority pursuant to that chapter after a hearing held in such manner and upon such notice as prescribed by the rules of the Authority. Rule 2 of the Rules of the State Liquor Authority (as amd. May 6, 1946, and further amd. April 24, 1952) implements the above sections and provides the procedure at such hearing. This rule establishes a detailed and comprehensive procedure.

It is clear that the Legislature did not intend to shackle the Authority to the precise rules of evidence and procedure properly required to be followed by an officer of a court of law. Para-

graph a of subdivision 8 of rule 2 reads as follows: " The rules of evidence governing proceedings in the courts of the state shall not be rigidly enforced in hearings before the Authority and unless objection is made and duly noted in the stenographic records of the hearing, all evidence appearing in the stenographic record shall be deemed to have been validly introduced for the consideration of the Authority."

As to procedure, we find as part of subdivision 9 thereof " The hearing commissioner shall rule upon matters of procedure and introduction of evidence and shall conduct the hearing in such manner as, in his discretion, will best serve the purposes of the attainment of justice and dispatch." Subdivision 10 of rule 2 provides for the notice to be given before such hearing is held and requires that notice " shall contain numbered charges or specifications, each relating, as far as possible, to separate violations or causes for revocation." In this manner the Legislature has provided for the furnishing to the petitioner by the Authority the information the petitioner seeks here.

Upon the above, it appears that the Legislature has provided a special tribunal to hear, try and determine violations of that chapter and has equipped that tribunal with appropriate rules of evidence and procedure. That tribunal should function without interference of the Supreme Court except as provided by section 121 of the Alcoholic Beverage Control Law (as amd. by L. 1952, ch. 428). This last section provides for a review of certain specific acts of the Authority by way of article 78 of the Civil Practice Act or by any other appropriate remedy. The refusal to serve an amended bill of particulars is not among the specified acts subject to review by the Supreme Court.

No authority has been pointed to by the petitioner herein in support of this motion nor has independent research by this court disclosed any authority in support of the petitioner's petition here.

This motion must be denied upon all the above and especially upon the ground that Special Term is without power to regulate, by orders sought pursuant to the provisions of the Civil Practice Act, the procedure to be followed by the State Liquor Authority in hearings before that Authority. If the Authority fails to follow the procedure provided for by the Alcoholic Beverage Control Law, the aggrieved party's remedy is by way of a review of the final determination of the Authority as provided by section 121 of the Alcoholic Beverage Control Law.

Prepare and submit order.